UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAMELLIA GRILL HOLDINGS, INC.** * | | **CIVIL ACTION NO.** |
| Plaintiff * | | |
| | | **SECTION** |
| **VERSUS** * | | |
| | | **JUDGE:** |
| **THE GRILL HOLDINGS, LLC** * | | |
| | | **MAGISTRATE JUDGE** |
| Defendant * | | |

\* \* \* \* \* \* \*

<u>**NOTICE OF REMOVAL BY THE GRILL HOLDINGS, L.L.C.,
CHARTRES GRILL, L.L.C., UPTOWN GRILL, L.L.C.,
UPTOWN GRILL OF DESTIN, L.L.C., RANO, L.L.C.,
HICHAM  KHODR, K & L INVESTMENTS, L.L.C.,
and ROBERT'S GUMBO SHOP, L.L.C.**</u>

**NOW INTO COURT**, through undersigned counsel, comes **THE GRILL HOLDINGS, L.L.C., CHARTRES GRILL, L.L.C., UPTOWN GRILL, L.L.C., UPTOWN GRILL OF DESTIN, L.L.C., RANO, L.L.C., Hicham Khodr, K & L INVESTMENTS, L.L.C.,** and **ROBERT'S GUMBO SHOP, L.L.C.,** and, with full reservation of rights, file this Notice of Removal and aver that this matter is hereby removed to this Court on the following grounds:

1.

On March 27, 2014, plaintiff, Camellia Grill Holdings, Inc. ("CGH, Inc."), filed a new lawsuit, but deceptively styled its new lawsuit as a "Second Amending and Supplemental Petition" in Civil District Court for the Parish of Orleans, State of Louisiana, entitled "*The Grill Holdings, L.L.C. v. Camellia Grill Holdings, Inc.,*" (the "Petition") bearing Docket Number 2008-8236 c/w

*Camellia Grill Holdings, Inc. versus The Grill Holdings, L.L.C.,* **2011-5947, Division "G/11."** (A copy of all process, pleadings, and orders served--citations, the Second Amending and Supplemental Petition , and orders--are attached hereto in accordance with 28 U.S.C. § 1446 (a) as Exhibit "1."). Although the pleading is entitled "Second Amending and Supplemental Petition," such a title is a misnomer and a fiction. The pleading represents an entirely new lawsuit inasmuch as it is filed into a closed case, **Case No. 2011-5947**, in which a final judgment disposing of the whole case has been rendered in The *Grill Holdings, L.L.C. v. Camellia Grill Holdings, Inc.*, 2012-1642 and 2012-1643 (La.App. 4 Cir. 5/8/13), 120 So. 3d 294, *reh. den.*, June 19, 2013, and *writ den.* (La. 11/1/13), 125 So. 3d 433, the published opinion of the Fourth Circuit wherein the whole matter was disposed of via summary judgment in the plaintiff's favor, and no part of the case was remanded. This was a full and final judgment, wherein the district court did not retain jurisdiction and which left nothing to be ruled upon in the future. It is indeed alleged in CGH's "Second Amending and Supplemental Petition, Paragraph XIII, that the "judgment from the Court of Appeal is now a final judgment."

**2.**

On April 1, 2014, Chartres Grill, L.L.C. was served with the pleading through its registered agent of service of process, E. John Litchfield, and Uptown Grill of Destin, L.L.C. was served with the pleading through its registered agent of service of process, E. John Litchfield, and The Grill Holdings, L.L.C. was served through its attorney of record, Kathy Lee Torregano. Service of the pleading has not yet been made on the remaining five defendants, RANO, L.L.C., Hicham Khodr, UPTOWN GRILL, L.L.C., K & L INVESTMENTS, L.L.C., and ROBERT'S GUMBO SHOP, L.L.C.

**3.**

This Notice of Removal of the case to the United States District Court is timely filed, it being filed no more than thirty (30) days after April 1, 2014, in accordance with 28 U.S.C.§§ 1441 and 1446.

A Notice of Removal of the consolidated matter, "*The Grill Holdings, LLC v. Camellia Grill Holdings, Inc.*" bearing docket No. 2008-8236 has been removed and assigned Case No. 2:14-cv-00810.

**4.**

Plaintiff is a Louisiana domestic corporation and defendant Hicham Khodr is a citizen of Louisiana, and all of the other defendants are Louisiana Limited Liability Companies.

**5.**

The "lawsuit"-sought-to-be-removed was filed into a closed case that has been fully disposed of by a final judgment (a summary judgment in Camellia Grill Holdings, Inc.'s favor terminating a License Agreement and awarding damages and attorney's fees). A check satisfying the judgment was paid post-final judgment by defendant, The Grill Holdings, L.L.C., as demanded and accepted by plaintiff, Camellia Grill Holdings, Inc.

**6.**

Camellia Grill Holdings, Inc. has filed a post-judgment pleading stating that it "re-avers and re-alleges all of the allegations set forth in its previously filed original [Petition] and First Supplemental Petition," despite the fact those allegations were dealt with and finally disposed of by summary judgment in the plaintiff's favor.

**7.**

Paragraph 5. of the pleading avers that The Grill Holdings, L.L.C. ("The Grill") is not complying with the final judgment, and *inter alia*, is using "federally registered trademarks retained by Plaintiff, recipes, and **all** trade dress associated with the Camellia Grill Restaurant . . . ."

**8.**

Paragraph 6. avers that The Grill "has also continued the unauthorized use of Plaintiff's registered Louisiana service mark 'Camellia Grill.'"

**9.**

Paragraph 7. avers that The Grill's continued operation of two restaurants is in violation of the effective date of the termination of the License Agreement, June 1, 2011, "and constitutes conversion, and unfair trade practices and trade name/service mark infringement, entitling petitioner . . . to damages resulting from the unauthorized used of its previously licensed marks, service mark and trade dress."

**10.**

Count 2 asks for injunctive relief, adding Paragraph 11. which alleges defendant RANO, L.L.C. is the owner of the building at 626 S. Carrollton Ave., and that the building continues to incorporate the "Federally registered" façade design of the Camellia Grill concept.

**11.**

Paragraph 12. avers that RANO, L.L.C., subsequent to the rendition of the judgment in the case, applied with the City of New Orleans, Historic District Landmarks Commission (HDLC) for designation by that agency as an historic landmark.

**12.**

Paragraph 13. avers that the granting by HDLC of the application would create an infringement of plaintiff's rights as the holder of the licensed marks.

**13.**

Paragraph 14. avers that plaintiff will suffer irreparable harm if the HDLC designates the property at 626 South Carrollton Avenue as an historic landmark, and therefore petitioner is entitled to the issuance of a mandatory injunction requiring RANO, L.L.C. to withdraw its application with HDLC, and in due course, a permanent injunction to the same effect.

**14**.

Paragraph 15. avers that plaintiff is entitled to a permanent injunction to enjoin defendants from the continued and unauthorized use of plaintiff's "retained intellectual property in any of the ongoing restaurant operations, in violation and in direct contempt of the prior Judgment rendered herein terminating the License Agreement under which the defendant's [sic] had been granted the use of said licensed marks."

**15.**

The federal question statute, 28 U.S.C.§ 1331, provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether a case is one "arising under" federal law for these purposes, the court ordinarily applies the well-pleaded complaint rule.

**16.**

Also conferring subject matter jurisdiction of district courts is 28 U.S.C. §1338 which provides original jurisdiction to district courts in civil actions arising under any Act of Congress relating to trademarks.

**17.**

Since plaintiff's "lawsuit" deals with, according to its own averments, the infringement of its "federally registered trademarks," as well as requests injunctive relief as to a purportedly federally registered façade sign, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§§1331 and 1338.  15 U.S.C. § 1121 (a), Section 39 of the Lanham Act, provides for original jurisdiction in federal court, without the need for diversity, over claims arising out of the Lanham Act.

**18.**

On July 23, 2013, plaintiff CGH, Inc, filed suit in the U.S. District Court for the Eastern District of Louisiana, "*Camellia Grill Holdings, Inc. v. They City of New Orleans and The Grill Holdings, LLC"*, Case No. 2:13-cv-5148-JTM-SS, against the City of New Orleans and The Grill Holdings, L.L.C., alleging trademark infringement and seeking injunctive relief as the owner/licensor of four marks registered to it by the United States Patent and Trademark Office.  The pleadings and Civil Cover Sheet state federal question jurisdiction as the basis of jurisdiction. (Case No. 2:13-cv-5148-JTM-SS, Docs. 1 and 3).  The district court denied CGH, Inc.'s request for injunctive relief in that matter, after briefing by all parties and a hearing.  CGH, Inc. then filed a motion seeking voluntary dismissal pursuant to F.R.Civ. P. 41(a)(1), dismissing its claim without prejudice, which the court granted.  (Case No. 2:13-cv-5148-JTM-SS, Docs. 23 and 38). On December 9, 2013, a

Report on the Filing or Determination of an Action Regarding a Patent or Trademark as to four separate patents–Nos. 1446870, 147128, 147129, and 1440249– addressed to Director of the U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA  22313-1460 was filed and mailed. (Case No. 2:13-cv-5148-JTM-SS, Doc. 39, attached as Exhibit "2").

**19.**

Litigation is now pending in *Uptown Grill, L.L.C. v. Michael Louis Shwartz, a/k/a Michael L. Shwartz, Camellia Grill Holdings, Inc. and Camellia Grill, Inc.*, USDC Eastern District Case No. 2:13-cv-06560, before The Honorable Jane Triche Milazzo,  on all of the issues raised by the "lawsuit"-sought-to-be-removed. Defendants, including CGH, Inc., in said federal litigation, said CGH, Inc. and its co-defendants having moved to dismiss the lawsuit ( USDC Eastern District Case No. 2:13-cv-06560, Doc. 11), but no decision has been rendered at this time.  Uptown Grill, L.L.C. filed an opposition to CGH, Inc.'s and co-defendant's motion to dismiss, Doc. 15, and a reply to the opposition was filed by CGH, Inc. and co-defendants (Doc. 18).

**20.**

CGH, Inc., a  named defendant in the federal litigation above-described in Paragraph 18, chose to forum-shop by filing a so-called amended and supplemental petition in a closed case in state court.

**21.**

Judicial economy will be better served if the federal court which already reviewed CGH, Inc.'s request for injunctive relief and heard oral argument on same, continues to exercise subject matter jurisdiction over same.  In addition, litigation which will require an understanding of trademark law and The Lanham Act is best heard by a federal tribunal, and litigation on related

issues between some of the same parties is already pending before The Honorable Jane Triche Milazzo.

**22.**

The removal is proper under 28 U.S.C. § 1441 as the civil action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending."

**23.**

Defendants, THE GRILL HOLDINGS, L.L.C., CHARTRES GRILL, L.L.C., UPTOWN GRILL, L.L.C., UPTOWN GRILL OF DESTIN, L.L.C., RANO, L.L.C., Hicham Khodr, K & L INVESTMENTS, L.L.C., and ROBERT'S GUMBO SHOP, L.L.C., are providing notice to plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to plaintiff's counsel of record, and also to the Clerk of Court for Civil District Court for the Parish of Orleans through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action. (The Notice of Filing of Notice of Removal is attached hereto as Exhibit "3").

WHEREFORE, defendants, THE GRILL HOLDINGS, L.L.C., CHARTRES GRILL, L.L.C., UPTOWN GRILL, L.L.C., UPTOWN GRILL OF DESTIN, L.L.C., RANO, L.L.C., Hicham Khodr, K & L INVESTMENTS, L.L.C., and ROBERT'S GUMBO SHOP, L.L.C., pray that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully Submitted:

BY:  /s/Kathy Lee Torregano
E. JOHN LITCHFIELD (#8622)
KATHY LEE TORREGANO (#9948)
KAREN B. SHER (#12013)
201 St. Charles Avenue, Suite 4204
New Orleans, LA 70170
(504) 799-6372 Telephone
(504) 561-8655 Facsimile
***Counsel for THE GRILL HOLDINGS, L.L.C., CHARTRES GRILL, L.L.C., UPTOWN GRILL, L.L.C., UPTOWN GRILL OF DESTIN, L.L.C., RANO, L.L.C., Hicham Khodr, K & L INVESTMENTS, L.L.C., and ROBERT'S GUMBO SHOP, L.L.C.***

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2014, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Irl R. Silverstein and that the document is available for viewing and downloading from the ECF system. I further certify that I mailed and/or faxed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

Irl R. Silverstein, Esq.
David A. Silverstein, Esq.
The Silverstein Law Firm. APLC
635 Lafayette Street
Gretna, LA 70053
Attorneys for Camellia Grill Holdings, Inc.

/s/ Kathy Lee Torregano
KATHY LEE TORREGANO