*received*

**ATTORNEY'S NAME:** Silverstein, Irl   12073
**AND ADDRESS:**
                    Gretna    LA 70053-1102

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:      2008 – 08236        5        DIVISION: " G "                    SECTION: 11

             THE GRILL HOLDINGS, L.L.C. VERSUS CAMELLIA GRILL HOLDINGS, INC.

## CITATION

**TO:** THE GRILL HOLDINGS, L.L.C.
      THROUGH: ITS ATTORNEY OF RECORD, KATHY LEE TORREGANO
      201 ST. CHARLES AVE, SUITE 4204

      NEW ORLEANS                        LA

**YOU HAVE BEEN SUED:**   You are ordered to show cause     June 13, 2014
        at 9:00 as prescribed in the annexed copy of petition as prayed for and according to law.
You must either comply with the demand contained in the petition
SECOND AMENDING AND SUPPLEMENTAL PETITION

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

### ADDITIONAL INFORMATION
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561- 8828. This Referral Service operates in conjunction with the
New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      March 28, 2014      .

**Clerk's Office, Room 402, Civil Courts**          DALE N. ATKINS, Clerk of
**421 Loyola Avenue**                              The Civil District Court
**New Orleans, LA**                                for the Parish of Orleans
                                                 State of LA
                                                 by
                                                         **Deputy Clerk**

### SHERIFF'S RETURN
#### (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| SECOND AMENDING AND SUPPLEMENTAL PETITION | SECOND AMENDING AND SUPPLEMENTAL PETITION |
| On | On |
| THE GRILL HOLDINGS, L.L.C. | THE GRILL HOLDINGS, L.L.C. |
| THROUGH: ITS ATTORNEY OF RECORD, KATHY LEE TORREGANO | THROUGH: ITS ATTORNEY OF RECORD, KATHY LEE TORREGANO |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by |
| Returned same day | interrogating  HIM / HER the said _____ |
| _____ No. | THE GRILL HOLDINGS, L.L.C. |
| Deputy Sheriff of _____ | |
| Mileage: $_____ | |
| | being absent from the domicile at time of said service. |
| _____/ ENTERED /_____ | Returned same day |
| PAPER            RETURN | _____ No. |
| _____/_____/_____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

**EXHIBIT**
"1" in globo

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947

DIVISION

*FILED*

*2014 MAR 27 A 11: 24*

*CIVIL DISTRICT COURT*

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____

_____
**DEPUTY CLERK**

## SECOND AMENDING AND SUPPLEMENTAL PETITION

The Second Amending and Supplemental Petition of CAMELLIA GRILL HOLDINGS, INC., with respect represents that it desires to amend its original and First Amending and Supplemental Petition in the following respects:

1.

Petitioner, CAMELLIA GRILL HOLDINGS, INC., re-avers and re-alleges all of the allegations set forth in its previously filed original and First Supplemental Petition.

2.

By adding an additional paragraph numbered XI to read as follows:

XI.

Named defendants herein are the following parties:

(A)   THE GRILL HOLDINGS, L.L.C., a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(B)   CHARTRES GRILL, L.L.C., d/b/a "The Grill", a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(C)   RANO, L.L.C., a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(D)   HICHAM KHODR, a person of the full age of majority and a resident of Jefferson Parish, Louisiana.

(E)   UPTOWN GRILL, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(F)   UPTOWN GRILL OF DESTIN, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(G)    K&L INVESTMENTS, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(H)    ROBERT'S GUMBO SHOP, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish.

3.

By adding an additional paragraph numbered XII to read as follows:

XII.

By judgment rendered herein on May 25, 2012, and signed July 19, 2012, this Honorable Court terminated the License Agreement which had previously been entered into between the parties herein, effective May 25, 2012.

4.

By adding an additional paragraph numbered XIII to read as follows:

XIII.

The Louisiana Fourth Circuit Court of Appeal reversed that judgment insofar as the effective date of termination, and ordered that the effective date of termination be June 1, 2011. That judgment from the Court of Appeal is now a final judgment, as the writ application filed by THE GRILL HOLDINGS, LLC, with the Louisiana Supreme Court was denied November 1, 2013.

5.

By adding an additional paragraph numbered XIV to read as follows:

**COUNT 1-DAMAGES**

XIV.

Defendant, THE GRILL HOLDINGS, L.L.C., has continued to operate two restaurants in New Orleans using the "marks" licensed under the License Agreement, despite the rendition of the judgment rendered herein as modified by the Court of Appeal. The licensed marks include federally registered trademarks retained by Plaintiff, recipes, and *all* trade dress associated with the Camellia Grill Restaurant which includes the wait staff attire, physical plant design and certain service components which are proprietary to Camellia Grill, blueprints and menu selections all developed by the Shwartz family during its 59 years operating the restaurant on Carrollton Ave. .

6.

By adding an additional paragraph numbered XV to read as follows:

XV.

In addition to the continued and unauthorized using the licensed marks. defendant, THE GRILL HOLDINGS, L.L.C. has also continued the unauthorized use of Plaintiff's registered Louisiana service mark "Camellia Grill".

7.

By adding an additional paragraph to be numbered paragraph XVI to read as follows:

XVI.

The operation of the two restaurants by the defendant, THE GRILL HOLDINGS, L.L.C., (through its sublicensees) using the once-licensed marks and service mark, following the effective date of termination of the License Agreement, June 1, 2011, constitutes conversion, and unfair trade practices and trade name/service mark infringement, entitling petitioner, CAMELLIA GRILL HOLDINGS, INC., to damages resulting from the unauthorized use of its previously licensed marks, service mark and trade dress.

8.

By adding an additional paragraph numbered XVII to read as follows:

XVII.

All of the limited liability companies named as defendants in paragraph XI, have a single owner, defendant HICHAM KHODR, who has asserted control and dominion over all of said entities.

9.

By adding an additional paragraph numbered XVIII to read as follows:

XVIII.

HICHAM KHODR, as the owner/operator of the other defendants named in paragraph XI, has operated said companies under unified administrative controls, has transferred assets between the companies, has allowed the use of property of one by others; all to the extent that the companies constitute a single business enterprise, and additionally some, if not all of the

companies have benefited directly or indirectly from the unauthorized use of plaintiff's marks, thus allowing all to be liable for the damages claimed herein by plaintiff.

10.

By adding an additional paragraph numbered XIX to read as follows:

XIX.

As a result of the unfair trade practices of the defendants and the unlawful conversion of plaintiff's property, as alleged in paragraph XVI, plaintiff is entitled to recover from said defendants damages equal to three times the profits generated by said defendants from June 1, 2011, together with reasonable attorney fees, all in accordance with the provisions of La. R.S. 51:1409, et seq and La. R.S. 51:211, et seq.

11.

By adding an additional paragraph to be numbered XX to read as follows:

**COUNT 2-INJUNCTIVE RELIEF**

XX.

Defendant RANO, LLC, is the owner of the building located at 626 S. Carrollton Ave, and in which building the flagship unit continues to operate and which building incorporates the Federally registered facade design of the Camellia Grill concept. RANO was not a direct party to the now-terminated License Agreement and has never had any interest in or direct right of usage for the specific facade design. The facade design has always come under the auspices of the License Agreement.

12.

By adding an additional paragraph to be numbered XXI to read as follows:

XXI.

Subsequent to the rendition of the judgment rendered herein, defendant, RANO, LLC, filed an application with the City of New Orleans, Historic District Landmarks Commission (HDLC), nominating the property at 626 South Carrollton Avenue or designation by that agency as a historic landmark.

13

By adding an additional paragraph to be numbered XXII to read as follows:

XXII.

If the nomination application filed by RANO is granted, the same would, in effect, create an infringement upon the rights granted to plaintiff herein, as the holder of the marks licensed under the License Agreement and its registered service marks, by prohibiting the removal of the licensed marks, in conformity with the requirements of the License Agreement, now terminated by judgment of this Court, without first obtaining approval from HDLC.

14.

By adding an additional paragraph to be numbered XXIII to read as follows:

XXIII.

Plaintiff would suffer irreparable harm if the property at 626 South Carrollton Avenue, was designated by HDLC as a historic landmark, and accordingly plaintiff is entitled to seek a mandatory injunction, requiring the defendant, RANO, LLC, its agents and/or employees to withdraw the pending application with the City of New Orleans, Historic District Landmarks Commission; accordingly Petitioner is entitled to the issuance of a mandatory injunction requiring RANO, LLC, its agent and/or employees to withdraw its application filed with HDLC, and in due course a permanent injunction issue to the same effect.

15.

By adding an additional paragraph to be numberd XXIV to read as follows:

XXIV

Plaintiff is likewise entitled to the issuance in due course of a permanent injunction enjoining the defendants, their agent and employees from the continued unauthorized use of plaintiff's retained  intellectual property in any of the ongoing restaurant operations, in violation and direct contempt of the prior Judgment rendered herein terminating the License Agreement under which the defendant's had been granted the use of said licensed marks.

WHEREFORE, Plaintiff, CAMELLIA GRILL HOLDINGS, INC. prays as follows:

1. That it be granted leave of court to file the foregoing Second Amending and Supplemental Petition;

2. That the defendants be served with Citation and Petition, and that said defendants be ordered to show cause on a date and time to be fixed by this Honorable Court, why a preliminary

injunction should not issue herein requiring RANO, LLC and/or its agents and/or employees from to withdraw or suspend its pending application with the Historic District Landmarks Commission of the City of New Orleans, for Historic District Landmark Designation for the property at 626 S. Carrollton Avenue;

3.   That there be judgment herein in favor of plaintiff and against the defendants, jointly and in solido, in an amount equal to three times the profits generated by the named defendants from June 1, 2011 through the date upon which the defendants cease the unauthorized use of plaintiff's licensed marks and Louisiana service mark, together with reasonable attorney's fees, all costs of these proceedings, plus legal interest on all amounts awarded from date of judicial demand until paid;

4.   That there be judgment herein permanently enjoining the defendants, their agents and/or employees from the unauthorized use of plaintiff's previously licensed marks and its Louisiana registered service mark.

RESPECTFULLY SUBMITTED,

THE SILVERSTEIN LAW FIRM, APLC
IRL R. SILVERSTEIN (12073)
DAVID A. SILVERSTEIN (31966)
Attorneys for CAMILLA GRILL HOLDINGS, INC.
635 Lafayette Street
Gretna, Louisiana 70053
(504) 362-3692

PLEASE SERVE:

THE GRILL HOLDINGS, L.L.C.
Through its Attorney of Record,
KATHY LEE TORREGANO
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana

CHARTRES GRILL, L.L.C.
Through its Registered Agent for Service of Process,
E. JOHN LITCHFIELD
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana

RANO, L.L.C.
HICHAM KHODR,
104 Metairie Heights
Metairie, LA 70001

UPTOWN GRILL, L.L.C.
Through its Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

ROBERT'S GUMBO SHOP, L.L.C.
Through it Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

K&L INVESTMENTS, L.L.C.
Through its Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

HICHAM KHODR, individually
104 Metairie Height
Metairie, LA 70001

UPTOWN GRILL OF DESTIN, L.L.C.
Through its Agent for Service of Process:
E. JOHN LITCHFIELD
201 St. Charles Avenue. Suite 4204
New Orleans, LA

# CIVIL DISTRICT COURT

## PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947                          DIVISION  " G "

## THE GRILL HOLDINGS, LLC

## VERSUS

## CAMELLIA GRILL HOLDINGS, INC.

FILED:_____          _____
                                                        **DEPUTY CLERK**

### VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF _Latgyfre_

     BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and

for the County and State aforesaid, personally came and appeared:

### MICHAEL SHWARTZ

who, being first duly sworn, deposed and stated that he is the director of Camellia Grill Holdings,

Inc., that he has read the foregoing Second Amending and Supplemental Petition; that all of the

allegations contained therein are true and correct to the best of his knowledge, information and

belief.

                                          MICHAEL SHWARTZ

Sworn to and subscribed
before me this 4th day of December, 2013

NOTARY PUBLIC
Name: _Luther C Fisher IV_
ID: _Latayette Co. MS  96209_
Commission expires: _June 8, 2014_

FILED

2014 MAR 27 A 11: 24

CIVIL DISTRICT COURT

CIVIL

PARISH OF ORLEANS DISTRICT COURT

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947          DIVISION " G "

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____          _____

                                        **DEPUTY CLERK**

## ORDER

Considering the foregoing verified Petition:

IT IS ORDERED, that plaintiff, CAMELLIA GRILL HOLDINGS, INC., be granted leave

of court to file the foregoing  Second Amending and Supplemental Petition;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that defendant, RANO,

LLC, appear in open court on the 13th day of _June_, 2014 at 9:00

o'clock a.m., to show cause why a preliminary mandatory injunction should not issue herein,

requiring RANO, LLC, and/or its agents and/or employees to suspend its pending application with

the Historic District Landmarks Commission of the City of New Orleans insofar as the property at

626 So. Carrollton Avenue, New Orleans, Louisiana, is concerned.

NEW ORLEANS, LOUISIANA this 27 day of March, 2014

_____

                                        DISTRICT JUDGE

**Court reserves the right to strike**
**if this violates a pre-trial order**
**or if the matter is fixed for trial.**
     ROBIN M. GIARRUSSO
     Judge Division "G"

A TRUE COPY

_____
DEPUTY CLERK, CIVIL DISTRICT COURT
         PARISH OF ORLEANS
         STATE OF LA

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2008-8236 w/w   **DIVISION G**                    **SECTION 11**

2011-5947

The Grill Holdings, LLC

**VERSUS**

Camellia Grill Holdings, Inc.

This matter will come before the Court for hearing on the ___13___ day of ___June___,
20__14__, at ___9:00___ a.m./p.m. in Division ___G___ on an application for a preliminary
injunction and/or a dissolution or modification of a temporary restraining order, and/or a
dissolution or modification of a preliminary injunction.

## ORDER

IT IS ORDERED that the application in this matter is to be heard upon the verified
pleadings and/or supporting affidavits and oral arguments only.  A copy of this order shall be
served upon the defendant in conformity with La. C.C.P. art. 3609.

IT IS FURTHER ORDERED that the applicant for the preliminary injunction file their
affidavits not later that seventy-two (72) hours prior to hearing, and that the defendant in rule file
their affidavits not less than twenty-four (24) hours prior to hearing.

SIGNED, NEW ORLEANS, LOUISIANA this ___27___ day of ___March___, 20__14__.

_____
Judge Robin M. Giarrusso, Judge Division G

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

*received*

**ATTORNEY'S NAME:** Silverstein, Irl   12073
**AND ADDRESS:**
                    Gretna    LA 70053-1102

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:      2008  − 08236        11        DIVISION: " G "                    SECTION: 11

            THE GRILL HOLDINGS, L.L.C. VERSUS CAMELLIA GRILL HOLDINGS, INC.

## CITATION

**TO:** UPTOWN GRILL OF DESTIN, L.L.C.
        THROUGH: ITS AGENT FOR SERVICE OF PROCESS: E. JOHN LITCHFIELD
        201 ST. CHARLES AVENUE, SUITE 4204

        NEW ORLEANS                              LA

**YOU HAVE BEEN SUED:**   You are ordered to show cause    June 13, 2014
          at 9:00 as prescribed in the annexed copy of petition as prayed for and according to law.
You must either comply with the demand contained in the petition
SECOND AMENDING AND SUPPLEMENTAL PETITION

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

### ADDITIONAL INFORMATION
        Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
        Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the
        New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the
        New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.
        *********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      March 28, 2014        .

**Clerk's Office, Room 402, Civil Courts**          **DALE N. ATKINS, Clerk of**
**421 Loyola Avenue**                               **The Civil District Court**
**New Orleans, LA**                                 **for the Parish of Orleans**
                                                    **State of LA**
                                                    by _____
                                                          **Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| SECOND AMENDING AND SUPPLEMENTAL PETITION | SECOND AMENDING AND SUPPLEMENTAL PETITION |
| On | On |
| UPTOWN GRILL OF DESTIN, L.L.C. | UPTOWN GRILL OF DESTIN, L.L.C. |
| THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: E. JOHN LITCHFIELD | THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: E. JOHN LITCHFIELD |
|  | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned  same  day | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name |
| _____ No. | and other facts connected with this service I learned by interrogating  HIM / HER the said _____ |
| Deputy Sheriff of _____ | UPTOWN GRILL OF DESTIN, L.L.C. |
| Mileage: $_____ |  |
| _____/ ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER                    RETURN | Returned  same  day |
| _____/_____/_____ | _____ No. |
| SERIAL NO.      DEPUTY         PARISH | Deputy Sheriff of _____ |

CIVIL DISTRICT COURT      FILED

PARISH OF ORLEANS      2014 MAR 27   A 11: 24

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947      CIVIL
DISTRICT COURT
DIVISION  " G "

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____      _____
                                   DEPUTY CLERK

## SECOND AMENDING AND SUPPLEMENTAL PETITION

The Second Amending and Supplemental Petition of CAMELLIA GRILL HOLDINGS,

INC., with respect represents that it desires to amend its original and First Amending and

Supplemental Petition in the following respects:

1.

Petitioner, CAMELLIA GRILL HOLDINGS, INC., re-avers and re-alleges all of the

allegations set forth in its previously filed original and First Supplemental Petition.

2.

By adding an additional paragraph numbered XI to read as follows:

XI.

Named defendants herein are the following parties:

(A)   THE GRILL HOLDINGS, L.L.C., a Louisiana Limited Liability Company domiciled
      in Jefferson Parish, Louisiana, doing business in this Parish;

(B)   CHARTRES GRILL, L.L.C., d/b/a "The Grill", a Louisiana Limited Liability
      Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

( C)  RANO, L.L.C., a Louisiana Limited Liability Company domiciled in Jefferson
      Parish, Louisiana, doing business in this Parish;

(D)   HICHAM KHODR, a person of the full age of majority and a resident of Jefferson
      Parish, Louisiana.

(E)   UPTOWN GRILL, LLC, a Louisiana Limited Liability Company domiciled in
      Jefferson Parish, Louisiana, doing business in this Parish;

(F)   UPTOWN GRILL OF DESTIN, LLC, a Louisiana Limited Liability Company
      domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(G)    K&L INVESTMENTS, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(H)    ROBERT'S GUMBO SHOP, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish.

3.

By adding an additional paragraph numbered XII to read as follows:

XII.

By judgment rendered herein on May 25, 2012, and signed July 19, 2012, this Honorable Court terminated the License Agreement which had previously been entered into between the parties herein, effective May 25, 2012.

4.

By adding an additional paragraph numbered XIII to read as follows:

XIII.

The Louisiana Fourth Circuit Court of Appeal reversed that judgment insofar as the effective date of termination, and ordered that the effective date of termination be June 1, 2011. That judgment from the Court of Appeal is now a final judgment, as the writ application filed by THE GRILL HOLDINGS, LLC, with the Louisiana Supreme Court was denied November 1, 2013.

5.

By adding an additional paragraph numbered XIV to read as follows:

**COUNT 1-DAMAGES**

XIV.

Defendant, THE GRILL HOLDINGS, L.L.C., has continued to operate two restaurants in New Orleans using the "marks" licensed under the License Agreement, despite the rendition of the judgment rendered herein as modified by the Court of Appeal. The licensed marks include federally registered trademarks retained by Plaintiff, recipes, and _**all**_ trade dress associated with the Camellia Grill Restaurant which includes the wait staff attire, physical plant design and certain service components which are proprietary to Camellia Grill, blueprints and menu selections all developed by the Shwartz family during its 59 years operating the restaurant on Carrollton Ave. .

6.

By adding an additional paragraph numbered XV to read as follows:

XV.

In addition to the continued and unauthorized using the licensed marks.  defendant, THE

GRILL HOLDINGS, L.L.C. has also continued the unauthorized use of Plaintiff's registered

Louisiana service mark "Camellia Grill".

7.

By adding an additional paragraph to be numbered paragraph XVI to read as follows:

XVI.

The operation of the two restaurants by the defendant, THE GRILL HOLDINGS, L.L.C.,

(through its sublicensees) using the once-licensed marks and service mark,  following the

effective date of termination of the License Agreement, June 1, 2011, constitutes conversion, and

unfair trade practices and trade name/service mark infringement, entitling petitioner,

CAMELLIA GRILL HOLDINGS, INC., to damages resulting from the unauthorized use of its

previously licensed marks, service mark and trade dress.

8.

By adding an additional paragraph numbered XVII to read as follows:

XVII.

All of the limited liability companies named as defendants in paragraph XI, have a single

owner, defendant HICHAM KHODR, who has asserted control and dominion over all of said

entities.

9.

By adding an additional paragraph numbered XVIII to read as follows:

XVIII.

HICHAM KHODR, as the owner/operator of the other defendants named in paragraph

XI, has operated said companies under unified administrative controls, has transferred assets

between the companies, has allowed the use of property of one by others; all to the extent that the

companies constitute a single business enterprise, and additionally some, if not all of the

companies have benefited directly or indirectly from the unauthorized use of plaintiff's marks, thus allowing all to be liable for the damages claimed herein by plaintiff.

10.

By adding an additional paragraph numbered XIX to read as follows:

XIX.

As a result of the unfair trade practices of the defendants and the unlawful conversion of plaintiff's property, as alleged in paragraph XVI, plaintiff is entitled to recover from said defendants damages equal to three times the profits generated by said defendants from June 1, 2011, together with reasonable attorney fees, all in accordance with the provisions of La. R.S. 51:1409, et seq and La. R.S. 51:211, et seq.

11.

By adding an additional paragraph to be numbered XX to read as follows:

**COUNT 2-INJUNCTIVE RELIEF**

XX.

Defendant RANO, LLC, is the owner of the building located at 626 S. Carrollton Ave, and in which building the flagship unit continues to operate and which building incorporates the Federally registered facade design of the Camellia Grill concept. RANO was not a direct party to the now-terminated License Agreement and has never had any interest in or direct right of usage for the specific facade design. The facade design has always come under the auspices of the License Agreement.

12.

By adding an additional paragraph to be numbered XXI to read as follows:

XXI.

Subsequent to the rendition of the judgment rendered herein, defendant, RANO, LLC, filed an application with the City of New Orleans, Historic District Landmarks Commission (HDLC), nominating the property at 626 South Carrollton Avenue or designation by that agency as a historic landmark.

13

By adding an additional paragraph to be numbered XXII to read as follows:

XXII.

If the nomination application filed by RANO is granted, the same would, in effect, create an infringement upon the rights granted to plaintiff herein, as the holder of the marks licensed under the License Agreement and its registered service marks, by prohibiting the removal of the licensed marks, in conformity with the requirements of the License Agreement, now terminated by judgment of this Court, without first obtaining approval from HDLC.

14.

By adding an additional paragraph to be numbered XXIII to read as follows:

XXIII.

Plaintiff would suffer irreparable harm if the property at 626 South Carrollton Avenue, was designated by HDLC as a historic landmark, and accordingly plaintiff is entitled to seek a mandatory injunction, requiring the defendant, RANO, LLC, its agents and/or employees to withdraw the pending application with the City of New Orleans, Historic District Landmarks Commission; accordingly Petitioner is entitled to the issuance of a mandatory injunction requiring RANO, LLC, its agent and/or employees to withdraw its application filed with HDLC, and in due course a permanent injunction issue to the same effect.

15.

By adding an additional paragraph to be numberd XXIV to read as follows:

XXIV

Plaintiff is likewise entitled to the issuance in due course of a permanent injunction enjoining the defendants, their agent and employees from the continued unauthorized use of plaintiff's retained  intellectual property in any of the ongoing restaurant operations, in violation and direct contempt of the prior Judgment rendered herein terminating the License Agreement under which the defendant's had been granted the use of said licensed marks.

WHEREFORE, Plaintiff, CAMELLIA GRILL HOLDINGS, INC. prays as follows:

1. That it be granted leave of court to file the foregoing Second Amending and Supplemental Petition;

2. That the defendants be served with Citation and Petition, and that said defendants be ordered to show cause on a date and time to be fixed by this Honorable Court, why a preliminary

injunction should not issue herein requiring RANO, LLC and/or its agents and/or employees from

to withdraw or suspend its pending application with the Historic District Landmarks Commission

of the City of New Orleans, for Historic District Landmark Designation for the property at 626 S.

Carrollton Avenue;

    3.  That there be judgment herein in favor of plaintiff and against the defendants, jointly

and in solido, in an amount equal to three times the profits generated by the named defendants

from June 1, 2011 through the date upon which the defendants cease the unauthorized use of

plaintiff's licensed marks and Louisiana service mark, together with reasonable attorney's fees,

all costs of these proceedings, plus legal interest on all amounts awarded from date of judicial

demand until paid;

    4.  That there be judgment herein permanently enjoining the defendants, their agents

and/or employees from the unauthorized use of plaintiff's previously licensed marks and its

Louisiana registered service mark.

                    RESPECTFULLY SUBMITTED,

                    _____
                    THE SILVERSTEIN LAW FIRM, APLC
                    IRL R. SILVERSTEIN (12073)
                    DAVID A. SILVERSTEIN (31966)
                    Attorneys for CAMILLA GRILL HOLDINGS, INC.
                    635 Lafayette Street
                    Gretna, Louisiana 70053
                    (504) 362-3692

**PLEASE SERVE:**

THE GRILL HOLDINGS, L.L.C.
Through its Attorney of Record,
KATHY LEE TORREGANO
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana

CHARTRES GRILL, L.L.C.
Through its Registered Agent for Service of Process,
E. JOHN LITCHFIELD
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana

RANO, L.L.C.
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

UPTOWN GRILL, L.L.C.
Through its Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

ROBERT'S GUMBO SHOP, L.L.C.
Through it Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

K&L INVESTMENTS, L.L.C.
Through its Agent for Service of Process:
HICHAM KHODR
104 Metairie·Heights
Metairie, LA 70001

HICHAM KHODR, **individually**
104 Metairie Height
Metairie, LA 70001

UPTOWN GRILL OF DESTIN, L.L.C.
Through its Agent for Service of Process:
E. JOHN LITCHFIELD
201 St. Charles Avenue. Suite 4204
New Orleans, LA

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947                    DIVISION " G "

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____          _____
                                          DEPUTY CLERK

## VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF *Lafayette*

      BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and

for the County and State aforesaid, personally came and appeared:

MICHAEL SHWARTZ

who, being first duly sworn, deposed and stated that he is the director of Camellia Grill Holdings,

Inc., that he has read the foregoing Second Amending and Supplemental Petition; that all of the

allegations contained therein are true and correct to the best of his knowledge, information and

belief.

_____
MICHAEL SHWARTZ

Sworn to and subscribed
before me this 4th day of December, 2011.

_____
NOTARY PUBLIC
Name: *Luther C Fisher IV*
ID: *Lafayette Co. MS  96209*
Commission expires: *June 8, 2014*

FILED

2014 MAR 27 A 11: 24

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947                    DIVISION " G "

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____         _____
                                      DEPUTY CLERK

<u>ORDER</u>

Considering the foregoing verified Petition:

IT IS ORDERED, that plaintiff, CAMELLIA GRILL HOLDINGS, INC., be granted leave

of court to file the foregoing  Second Amending and Supplemental Petition;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that defendant, RANO,

LLC, appear in open court on the 13th day of June , 2014 at 9: 00

o'clock a.m., to show cause why a preliminary mandatory injunction should not issue herein,

requiring RANO, LLC, and/or its agents and/or employees to suspend its pending application with

the Historic District Landmarks Commission of the City of New Orleans insofar as the property at

626 So. Carrollton Avenue, New Orleans, Louisiana, is concerned.

NEW ORLEANS, LOUISIANA this 27 day of March, 2014

_____
DISTRICT JUDGE

Court reserves the right to strike
if this violates a pre-trial order
or if the matter is fixed for trial.
     ROBIN M. GIARRUSSO
     Judge Division "G"

A TRUE COPY

DEPUTY CLERK. CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2008-8236 w/w   **DIVISION G**                    **SECTION 11**
2011-5947

The Grill Holdings, LLC
**VERSUS**
Camellia Grill Holdings, Inc.

This matter will come before the Court for hearing on the 13 day of June,
20 14 , at 9:00 a.m./p.m. in Division G on an application for a preliminary
injunction and/or a dissolution or modification of a temporary restraining order, and/or a
dissolution or modification of a preliminary injunction.

**ORDER**

IT IS ORDERED that the application in this matter is to be heard upon the verified
pleadings and/or supporting affidavits and oral arguments only.  A copy of this order shall be
served upon the defendant in conformity with La. C.C.P. art. 3609.

IT IS FURTHER ORDERED that the applicant for the preliminary injunction file their
affidavits not later that seventy-two (72) hours prior to hearing, and that the defendant in rule file
their affidavits not less than twenty-four (24) hours prior to hearing.

SIGNED, NEW ORLEANS, LOUISIANA this 27 day of March , 20 14.

_____
Judge Robin M. Giarrusso, Judge Division G

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

*received*

**ATTORNEY'S NAME:** Silverstein, Irl   12073
**AND ADDRESS:**
         Gretna   LA 70053-1102

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO:     2008  -- 08236     6       DIVISION: " G "            SECTION: 11

THE GRILL HOLDINGS, L.L.C. VERSUS CAMELLIA GRILL HOLDINGS, INC.

# CITATION

TO: CHARTES GRILL, L.L.C.
     THROUGH:  ITS REGISTERED AGENT FOR SERVICE OF PROCESS, E. JOHN
     LITCHFIELD
     201 ST. CHARLES AVE, SUITE 4204

     NEW ORLEANS             LA

*on outlook on calendar*

**YOU HAVE BEEN SUED:**  You are ordered to show cause     June 13, 2014
     at 9:00 as prescribed in the annexed copy of petition as prayed for and according to law.
You must either comply with the demand contained in the petition
SECOND AMENDING AND SUPPLEMENTAL PETITION

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

**ADDITIONAL INFORMATION**

     Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans
     Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the
     New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the
     New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.

     **\*\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA**     March 28, 2014     .

**Clerk's Office, Room 402, Civil Courts**              **DALE N. ATKINS, Clerk of**
**421 Loyola Avenue**                            **The Civil District Court**
**New Orleans, LA**                               **for the Parish of Orleans**
                                             **State of LA**

                                             **by** _____
                                                         **Deputy Clerk**

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| SECOND AMENDING AND SUPPLEMENTAL PETITION | SECOND AMENDING AND SUPPLEMENTAL PETITION |
| On | On |
|     CHARTES GRILL, L.L.C. |     CHARTES GRILL, L.L.C. |
| THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS, E. JOHN LITCHFIELD | THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS, E. JOHN LITCHFIELD |
| | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned  same  day | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by |
| _____ No. _____ | interrogating  HIM / HER the said _____ |
| Deputy Sheriff of _____ | CHARTES GRILL, L.L.C. |
| Mileage: $_____ | |
| _____/ ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER            RETURN | Returned  same  day |
| _____/_____/_____ | _____ No. _____ |
| SERIAL NO.    DEPUTY    PARISH | Deputy Sheriff of _____ |

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947

FILED

2014 MAR 27   A II: 24

CIVIL
DISTRICT COURT

DIVISION   " G "

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____        _____

                                        **DEPUTY CLERK**

## SECOND AMENDING AND SUPPLEMENTAL PETITION

The Second Amending and Supplemental Petition of CAMELLIA GRILL HOLDINGS, INC., with respect represents that it desires to amend its original and First Amending and Supplemental Petition in the following respects:

1.

Petitioner, CAMELLIA GRILL HOLDINGS, INC., re-avers and re-alleges all of the allegations set forth in its previously filed original and First Supplemental Petition.

2.

By adding an additional paragraph numbered XI to read as follows:

XI.

Named defendants herein are the following parties:

(A)   THE GRILL HOLDINGS, L.L.C., a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(B)   CHARTRES GRILL, L.L.C., d/b/a "The Grill", a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

( C)  RANO, L.L.C., a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(D)   HICHAM KHODR, a person of the full age of majority and a resident of Jefferson Parish, Louisiana.

(E)   UPTOWN GRILL, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(F)   UPTOWN GRILL OF DESTIN, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(G)   K&L INVESTMENTS, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish;

(H)   ROBERT'S GUMBO SHOP, LLC, a Louisiana Limited Liability Company domiciled in Jefferson Parish, Louisiana, doing business in this Parish.

3.

By adding an additional paragraph numbered XII to read as follows:

XII.

By judgment rendered herein on May 25, 2012, and signed July 19, 2012, this Honorable Court terminated the License Agreement which had previously been entered into between the parties herein, effective May 25, 2012.

4.

By adding an additional paragraph numbered XIII to read as follows:

XIII.

The Louisiana Fourth Circuit Court of Appeal reversed that judgment insofar as the effective date of termination, and ordered that the effective date of termination be June 1, 2011.   That judgment from the Court of Appeal is now a final judgment, as the writ application filed by THE GRILL HOLDINGS, LLC, with the Louisiana Supreme Court was denied November 1, 2013.

5.

By adding an additional paragraph numbered XIV to read as follows:

**COUNT 1-DAMAGES**

XIV.

Defendant, THE GRILL HOLDINGS, L.L.C., has continued to operate two restaurants in New Orleans using the "marks" licensed under the License Agreement, despite the rendition of the judgment rendered herein as modified by the Court of Appeal. The licensed marks include federally registered trademarks retained by Plaintiff, recipes, and **_all_** trade dress associated with the Camellia Grill Restaurant which includes the wait staff attire, physical plant design and certain service components which are proprietary to Camellia Grill, blueprints and menu selections all developed by the Shwartz family during its 59 years operating the restaurant on Carrollton Ave. .

6.

By adding an additional paragraph numbered XV to read as follows:

XV.

In addition to the continued and unauthorized using the licensed marks. defendant, THE

GRILL HOLDINGS, L.L.C. has also continued the unauthorized use of Plaintiff's registered

Louisiana service mark "Camellia Grill".

7.

By adding an additional paragraph to be numbered paragraph XVI to read as follows:

XVI.

The operation of the two restaurants by the defendant, THE GRILL HOLDINGS, L.L.C.,

(through its sublicensees) using the once-licensed marks and service mark,  following the

effective date of termination of the License Agreement, June 1, 2011, constitutes conversion, and

unfair trade practices and trade name/service mark infringement, entitling petitioner,

CAMELLIA GRILL HOLDINGS, INC., to damages resulting from the unauthorized use of its

previously licensed marks, service mark and trade dress.

8.

By adding an additional paragraph numbered XVII to read as follows:

XVII.

All of the limited liability companies named as defendants in paragraph XI, have a single

owner, defendant HICHAM KHODR, who has asserted control and dominion over all of said

entities.

9.

By adding an additional paragraph numbered XVIII to read as follows:

XVIII.

HICHAM KHODR, as the owner/operator of the other defendants named in paragraph

XI, has operated said companies under unified administrative controls, has transferred assets

between the companies, has allowed the use of property of one by others; all to the extent that the

companies constitute a single business enterprise, and additionally some, if not all of the

companies have benefited directly or indirectly from the unauthorized use of plaintiff's marks, thus allowing all to be liable for the damages claimed herein by plaintiff.

10.

By adding an additional paragraph numbered XIX to read as follows:

XIX.

As a result of the unfair trade practices of the defendants and the unlawful conversion of plaintiff's property, as alleged in paragraph XVI, plaintiff is entitled to recover from said defendants damages equal to three times the profits generated by said defendants from June 1, 2011, together with reasonable attorney fees, all in accordance with the provisions of La. R.S. 51:1409, et seq and La. R.S. 51:211, et seq.

11.

By adding an additional paragraph to be numbered XX to read as follows:

## COUNT 2-INJUNCTIVE RELIEF

XX.

Defendant RANO, LLC, is the owner of the building located at 626 S. Carrollton Ave, and in which building the flagship unit continues to operate and which building incorporates the Federally registered facade design of the Camellia Grill concept. RANO was not a direct party to the now-terminated License Agreement and has never had any interest in or direct right of usage for the specific facade design. The facade design has always come under the auspices of the License Agreement.

12.

By adding an additional paragraph to be numbered XXI to read as follows:

XXI.

Subsequent to the rendition of the judgment rendered herein, defendant, RANO, LLC, filed an application with the City of New Orleans, Historic District Landmarks Commission (HDLC), nominating the property at 626 South Carrollton Avenue or designation by that agency as a historic landmark.

13

By adding an additional paragraph to be numbered XXII to read as follows:

XXII.

If the nomination application filed by RANO is granted, the same would, in effect, create an infringement upon the rights granted to plaintiff herein, as the holder of the marks licensed under the License Agreement and its registered service marks, by prohibiting the removal of the licensed marks, in conformity with the requirements of the License Agreement, now terminated by judgment of this Court, without first obtaining approval from HDLC.

14.

By adding an additional paragraph to be numbered XXIII to read as follows:

XXIII.

Plaintiff would suffer irreparable harm if the property at 626 South Carrollton Avenue, was designated by HDLC as a historic landmark, and accordingly plaintiff is entitled to seek a mandatory injunction, requiring the defendant, RANO, LLC, its agents and/or employees to withdraw the pending application with the City of New Orleans, Historic District Landmarks Commission; accordingly Petitioner is entitled to the issuance of a mandatory injunction requiring RANO, LLC, its agent and/or employees to withdraw its application filed with HDLC, and in due course a permanent injunction issue to the same effect.

15.

By adding an additional paragraph to be numberd XXIV to read as follows:

XXIV

Plaintiff is likewise entitled to the issuance in due course of a permanent injunction enjoining the defendants, their agent and employees from the continued unauthorized use of plaintiff's retained  intellectual property in any of the ongoing restaurant operations, in violation and direct contempt of the prior Judgment rendered herein terminating the License Agreement under which the defendant's had been granted the use of said licensed marks.

WHEREFORE, Plaintiff, CAMELLIA GRILL HOLDINGS, INC. prays as follows:

1.  That it be granted leave of court to file the foregoing Second Amending and Supplemental Petition;

2.  That the defendants be served with Citation and Petition, and that said defendants be ordered to show cause on a date and time to be fixed by this Honorable Court, why a preliminary

injunction should not issue herein requiring RANO, LLC and/or its agents and/or employees from

to withdraw or suspend its pending application with the Historic District Landmarks Commission

of the City of New Orleans, for Historic District Landmark Designation for the property at 626 S.

Carrollton Avenue;

3. That there be judgment herein in favor of plaintiff and against the defendants, jointly

and in solido, in an amount equal to three times the profits generated by the named defendants

from June 1, 2011 through the date upon which the defendants cease the unauthorized use of

plaintiff's licensed marks and Louisiana service mark, together with reasonable attorney's fees,

all costs of these proceedings, plus legal interest on all amounts awarded from date of judicial

demand until paid;

4. That there be judgment herein permanently enjoining the defendants, their agents

and/or employees from the unauthorized use of plaintiff's previously licensed marks and its

Louisiana registered service mark.

RESPECTFULLY SUBMITTED,

THE SILVERSTEIN LAW FIRM, APLC
IRL R. SILVERSTEIN (12073)
DAVID A. SILVERSTEIN (31966)
Attorneys for CAMILLA GRILL HOLDINGS, INC.
635 Lafayette Street
Gretna, Louisiana 70053
(504) 362-3692

PLEASE SERVE:

THE GRILL HOLDINGS, L.L.C.
Through its Attorney of Record,
KATHY LEE TORREGANO
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana

CHARTRES GRILL, L.L.C.
Through its Registered Agent for Service of Process,
E. JOHN LITCHFIELD
201 St. Charles Avenue, Suite 4204
New Orleans, Louisiana

RANO, L.L.C.
HICHAM KHODR,
104 Metairie Heights
Metairie, LA 70001

UPTOWN GRILL, L.L.C.
Through its Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

ROBERT'S GUMBO SHOP, L.L.C.
Through it Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

K&L INVESTMENTS, L.L.C.
Through its Agent for Service of Process:
HICHAM KHODR
104 Metairie Heights
Metairie, LA 70001

HICHAM KHODR, individually
104 Metairie Height
Metairie, LA 70001

UPTOWN GRILL OF DESTIN, L.L.C.
Through its Agent for Service of Process:
E. JOHN LITCHFIELD
201 St. Charles Avenue. Suite 4204
New Orleans, LA

# CIVIL DISTRICT COURT

## PARISH OF ORLEANS

## STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947                           DIVISION  " G "

### THE GRILL HOLDINGS, LLC

### VERSUS

### CAMELLIA GRILL HOLDINGS, INC.

FILED:_____         _____
                                              **DEPUTY CLERK**

### VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF  Lafayette

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified in and

for the County and State aforesaid, personally came and appeared:

### MICHAEL SHWARTZ

who, being first duly sworn, deposed and stated that he is the director of Camellia Grill Holdings,

Inc., that he has read the foregoing Second Amending and Supplemental Petition; that all of the

allegations contained therein are true and correct to the best of his knowledge, information and

belief.

_____
MICHAEL SHWARTZ

Sworn to and subscribed
before me this 4th day of December, 2013

_____
NOTARY PUBLIC
Name: Luther C Fisher IV
ID: Lafayette Co MS 96209
Commission expires: June 6, 2014

FILED

2014 MAR 27  A 11: 24

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2008-8236 c/w 2011-5947                    DIVISION  " G "

THE GRILL HOLDINGS, LLC

VERSUS

CAMELLIA GRILL HOLDINGS, INC.

FILED:_____        _____

                                                      DEPUTY CLERK

## ORDER

Considering the foregoing verified Petition:

IT IS ORDERED, that plaintiff, CAMELLIA GRILL HOLDINGS, INC., be granted leave

of court to file the foregoing  Second Amending and Supplemental Petition;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that defendant, RANO,

LLC, appear in open court on the 13th day of ____June____, 2014 at 9: 00

o'clock a.m., to show cause why a preliminary mandatory injunction should not issue herein,

requiring RANO, LLC, and/or its agents and/or employees to suspend its pending application with

the Historic District Landmarks Commission of the City of New Orleans insofar as the property at

626 So. Carrollton Avenue, New Orleans, Louisiana, is concerned.

NEW ORLEANS, LOUISIANA this 27 day of March, 2014

_____

                                  DISTRICT JUDGE

Court reserves the right to strike
if this violates a pre-trial order
or if the matter is fixed for trial.
    ROBIN M. GIARRUSSO
    Judge Division "G"

A TRUE COPY

DEPUTY CLERK. CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2008-8236 w/w   **DIVISION G**                    SECTION 11

2011-5947

The Grill Holdings, LLC

**VERSUS**

Camellia Grill Holdings, Inc.

This matter will come before the Court for hearing on the 13 day of June,

20 14, at 9:00 a.m./p.m. in Division G on an application for a preliminary

injunction and/or a dissolution or modification of a temporary restraining order, and/or a

dissolution or modification of a preliminary injunction.

<u>**ORDER**</u>

IT IS ORDERED that the application in this matter is to be heard upon the verified

pleadings and/or supporting affidavits and oral arguments only.  A copy of this order shall be

served upon the defendant in conformity with La. C.C.P. art. 3609.

IT IS FURTHER ORDERED that the applicant for the preliminary injunction file their

affidavits not later that seventy-two (72) hours prior to hearing, and that the defendant in rule file

their affidavits not less than twenty-four (24) hours prior to hearing.

SIGNED, NEW ORLEANS, LOUISIANA this 27 day of March, 20 14.

_____
Judge Robin M. Giarrusso, Judge Division G

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA